FILED & ENTERED

JUN 28 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY hallock DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>Lucy Marie Cruz and Jesse Cruz,<br><br>Debtor(s),<br><br>AmeriCredit Financial Services, Inc.,<br><br>Plaintiff(s),<br><br>Vs.<br><br>Lucy Marie Cruz, and Jesse Cruz<br><br>Defendant(s). | Case No.: 6:10-bk-43776-SC<br><br>Chapter: 7<br><br>Adversary No.: 6:11-ap-01065-SC<br><br>**MEMORANDUM OPINION**<br><br><u>Hearing Date:</u><br>**Date: June 13, 2011**<br>**Time: 2:00 p.m.**<br>**Location: Video Hearing Room 126,**<br>**3240 Twelfth Street, Riverside, CA 92501**<br><br>**and**<br><br>**Ronald Reagan Federal Building & Court House, Courtroom 5C**<br>**411 West Fourth Street**<br>**Santa Ana, CA 92701** |

**I.**

**INTRODUCTION**

This is a motion for entry of default judgment in an adversary proceeding filed by plaintiff AmeriCredit Financial Services, Inc. ("Plaintiff" or "AmeriCredit"). The adversary proceeding was brought by the Plaintiff against chapter 7 debtors Lucy Marie Cruz and Jesse Cruz to determine

1

nondischargeability of debt pursuant to 11 U.S.C. §§ 523(a)(2)(A), (B), (C) and 523(a)(6). The complaint alleges that defendant Lucy Marie Cruz made misrepresentations in connection with the purchase of a vehicle 31 days prior to filing bankruptcy. Neither the complaint nor the Motion for Default Judgment alleges that defendant Jesse Cruz engaged in any acts or took any actions adverse to the Plaintiff that warrant a finding of nondischargeability of debt, and during the hearing on the Motion for Default the Plaintiff presented an oral motion to dismiss defendant Jesse Cruz with prejudice, which the Court grants at this time.

With respect to the claims against defendant Lucy Marie Cruz, this Court finds no credible evidence to warrant a determination of nondischargeability of debt as against Lucy Marie Cruz, and therefore the Court denies the Motion for Default Judgment.

Finally, the Court observes that this is the second hearing on the Plaintiff's Motion for Default. During the first hearing, the Plaintiff was given the opportunity by this Court to supplement and enhance its Motion for Default and supporting evidence. The supplemental declaration provided by the Plaintiff consisted of a single additional paragraph, which the Court finds non-persuasive. Therefore, on its own motion, this Court grants Summary Judgment in favor of defendant Lucy Marie Cruz.

## II.

## FACTS

On or about September 18, 2010, defendant Lucy Marie Cruz ("Defendant Lucy Cruz" or "Ms. Cruz") executed a Retail Installment Contract (the "Contract") and a Credit Application (the "Credit Application") for the purchase of a 2010 Ford Taurus (the "Vehicle") with Ford of Upland in Upland, California. The Contract was subsequently assigned to the Plaintiff. On October 19, 2010, debtors Lucy Marie Cruz and Jesse Cruz (together the "Debtors" or "Defendants") commenced their joint chapter 7 case. The Debtors did not list the Vehicle or the Contract in their schedules; however, no proceedings have been brought before this Court with respect to these omissions. Upon completion of the meeting of creditors the trustee filed a Report of No Distribution.

The Plaintiff commenced this adversary proceeding to Determine Dischargeability of Debt (the "Complaint") on January 27, 2011. The Complaint alleges that the Debtors' obligation should be excepted from discharge pursuant to each of 11 U.S.C. §§ 523(a)(2)(A), (B), (C) and 523(a)(6), based on Defendant Lucy Cruz's alleged false representations on her Credit Application and Contract in connection with the purchase of the Vehicle. No answer to the Complaint was filed. On March 10, 2011, the Clerk of the Court entered default against the Defendants.

On March 16, 2011, the Plaintiff filed a Motion for Default Judgment (the "Motion") with attached Declaration of Kristina Keeling, AmeriCredit Attorney Liaison Manager. A hearing on the Motion was held on April 6, 2011, where the Court: (1) continued the status conference hearing to June 8, 2011; (2) set an evidentiary hearing for the Plaintiff to present sufficient evidence to support its case for June 8, 2011;[1] (3) indicated to counsel that the Plaintiff needed to submit additional evidence to succeed on the Motion; and (4) suggested that the Plaintiff issue a subpoena requiring the Debtors to appear at the evidentiary hearing. The Court subsequently continued the status conference hearing and evidentiary hearing to June 13, 2011. In response to the Court's request for additional evidence, on May 26, 2011, the Plaintiff filed a Supplemental Brief in Support of the Motion (the "Supplemental Brief") and a Supplemental Declaration of Kristina Keeling (the "Supplemental Declaration") which added a single additional paragraph to the original Declaration. On June 13, 2011, the Court held a continued status conference hearing and an evidentiary hearing on the Plaintiff's Motion. The Defendants did not appear at the June 13, 2011, status conference and evidentiary hearing. No motion was made by the Plaintiff to continue the hearing, although after the Court ruled orally on the Motion, the Plaintiff's counsel sought more time to further supplement the evidence. This request was denied by the Court.

///

///

///

---

[1] The Court's written tentative ruling at the first hearing was that the declaration submitted by the Plaintiff "as it presently stands, is insufficient to establish any of its causes of action." *Tentative Ruling April 6, 2011*.

3

## III.

## DISCUSSION

### A. Motion for Default Judgment

Default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings through Rule 7055 of the Federal Rules of Bankruptcy Procedure. The entry of a default by the bankruptcy court clerk does not automatically entitle a plaintiff to entry of a default judgment. *Wells Fargo Bank v. Beltran (In re Beltran)*, 182 B.R. 820, 823 (B.A.P. 9th Cir. 1995). Rather, the Court is authorized under Rule 55 to "conduct hearings or make referrals . . . to enter or effectuate judgment" in order to "establish the truth of any allegation by evidence . . . ." Fed. R. Civ. Proc. 55(b)(2).

The Court has broad discretion as to the nature of the hearing that it will hold pursuant to Rule 55(b)(2) in determining whether to enter default judgment. *Cashco Fin. Servs., Inc., v. McGee (In re McGee)*, 359 B.R. 764, 771 (B.A.P. 9th Cir. 2006); *Valley Oak Credit Union v. Villegas (In re Villegas)*, 132 B.R. 742, 746 (B.A.P. 9th Cir. 1991). The Court is provided with discretion to require at the default hearing some proof of the facts that are necessary to support a valid cause of action or to determine liability. *Villegas*, 132 B.R. at 746. "In order to do justice, a trial court has broad discretion to require that a plaintiff *prove up* even a purported *prima facie* case by requiring the plaintiff to establish the facts necessary to determine whether a valid claim exists that would support relief against the defaulting party." *McGee*, 359 B.R. at 773 (internal citations omitted).

The Court examines the following factors when considering whether to enter a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Villegas*, 132 B.R. at 746, citing *Eitel v. McCool*, 782 F.2d 1470, 1471-2 (B.A.P. 9th Cir. 1986).

///

**1. First Claim for Relief § 523(a)(2)(A): Actual Fraud**

The Plaintiff claims that Defendant Lucy Cruz committed fraud in connection with the Credit Application and Contract, and therefore the obligation from the Contract is nondischargeable under § 523(a)(2)(A).  Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge a debt "(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by-- (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."  11 U.S.C. § 523(a)(2)(A).

The Ninth Circuit has held that a creditor must demonstrate five elements to prevail on a § 523(a)(2)(A) claim. *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000).  These five elements are: (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct. *Id*.

The Court has carefully reviewed the Supplemental Declaration and finds that the Plaintiff has not provided sufficient evidence to establish a § 523(a)(2)(A) claim against Defendant Lucy Cruz.  The Plaintiff's Supplemental Declaration states that Ms. Cruz "represented by means of the Credit Application and subsequent Contract that the Vehicle was for Defendant's own personal use." [Supplemental Declaration ¶ 8].  However, upon review of the Credit Application the Court finds no evidence that Defendant Lucy Cruz represented that the Vehicle was for her own personal use.  The only representation present is in the Contract where Ms. Cruz indicated, by checking a box, that the Vehicle's primary use was for a personal, family or household purpose instead of a business or commercial purpose.  Further, the Plaintiff did not provide any evidence that Ms. Cruz's representation

///
///
///
///

was true or false.  The only evidence presented by the Plaintiff is the otherwise unsupported and conclusory statement that "[t]he Vehicle was purchased for a third party."  [Supplemental Declaration ¶ 9].  No evidence was provided of the existence of a third party, of a transfer to a third party, or the timing of any alleged transfer to any alleged third party.[2]

No evidence was received by the Court that Ms. Cruz knew the representation of use of the Vehicle was false at the time it was made or that Ms. Cruz made the representation of personal use of the Vehicle with the intent to deceive the Plaintiff.  The Plaintiff's sole argument in support of this allegation, that the Debtors did not list the Vehicle in their bankruptcy schedules, fails to demonstrate that at the time Ms. Cruz made the representation she knew it was false or that she intended to deceive the Plaintiff.

The Plaintiff asserts that it justifiably relied on Ms. Cruz's representation in the Contract, and submits conclusory testimony that AmeriCredit "would not have financed the Vehicle's purchase had AmeriCredit known that defendant had no intention of retaining the Vehicle for herself or fulfilling her payment obligations under the Contract."  [Supplemental Declaration ¶ 10].  However, the Plaintiff has not provided the Court with any evidence as to its normal practices and procedures with respect to the first assertion, and no evidence has been provided with respect to the second assertion ("that defendant had no intention of . . . fulfilling her payment obligations under the Contract.").

Accordingly, for all of the reasons set forth above, the Plaintiff's Motion for Default Judgment as to the First Claim for Relief is denied.

**2.  Second Claim for Relief § 523(a)(2)(B): False Financial Statement**

The Plaintiff asserts that Defendant Lucy Cruz made a false financial statement in connection with her Credit Application, and therefore the obligation arising from the Contract should be determined to be  nondichargeable under § 523(a)(2)(B). Section 523(a)(2)(B) excepts from discharge a debt obtained by

---

[2] The Court also notes that the Contract's checkbox only provides two choices of use of the Vehicle, both of which could fit into the category of the Plaintiff's alleged actual use of the car.

6

> (B) use of a statement in writing-- (i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive;…

11 U.S.C. § 523(a)(2)(B).

The Plaintiff submitted evidence that Defendant Lucy Cruz made the following two representations in her Credit Application: (1) that her gross monthly income was $4,000.00; and (2) her monthly rental payment was $505.00. During the evidentiary hearing, the Plaintiff's witness Kristina Keeling testified that AmeriCredit reviewed several then-current employment check stubs submitted by Ms. Cruz with her Credit Application as proof of income before approving her application, and that the check stubs, in fact, reflected a higher income than that listed in the Credit Application. No evidence was provided to the Court that the presented employment check stubs were fraudulent or untrue.

The Plaintiff's evidence that Ms. Cruz's stated income of $4,000.00 per month and the stated rent amount of $505.00 was false is solely that the Debtors' schedules, filed one month after purchasing the Vehicle, indicate that Ms. Cruz's <u>individual</u> monthly gross income was $3,700.00 at the time of filing and that the Debtors' <u>combined</u> rent or home mortgage payment was $1,505.00 per month at the time of filing the petition. However, as the Plaintiff conceded during the evidentiary hearing, the Debtors' schedules also indicate that Jesse Cruz's individual income was $3,500.00, and thus Debtors' <u>combined</u> gross monthly income was $7,200.00 at the time of filing. The Plaintiff also conceded that Ms. Cruz was only required to list her individual income in the Credit Application, and that the Credit Application did not include, and did not require, the listing of her husband's income. The Court has no evidence before it that Ms. Cruz's individual rental obligation was not $505.00, and it is as reasonable as not to conclude that she listed only her portion of the paid rent and not the rent paid by her husband.[3] The Plaintiff simply has not provided sufficient evidence to this Court that Ms. Cruz's statements in her Credit Application were false. Indeed, the Debtors' schedules indicate that Ms. Cruz understated her combined household income in the Credit Application by several thousand dollars.

---

[3] The Credit Application does not specify whether the borrower should list income and rent amounts for the individual or for the entire household.

7

Moreover, the Plaintiff has not provided any evidence that it "reasonably relied" on Ms. Cruz's statements in her Credit Application or that Ms. Cruz's statements were made with intent to deceive the Plaintiff.

Accordingly, the Plaintiff's Motion for Default Judgment as to the Second Claim for Relief is denied.

### 3. Third Claim for Relief § 523(a)(2)(C): Luxury Goods

The Plaintiff claims that the Defendants' obligation under the Contract should not be discharged under § 523(a)(2)(C) because it is a consumer debt that was incurred within 90 days prior to filing for bankruptcy. Section 523(a)(2)(C), provides

> "for the purposes of subparagraph (A)--
> (I) consumer debts owed to a single creditor and aggregating more than $600 for luxury goods or services incurred by an individual debtor on or within 90 days before the order for relief under this title are presumed to be nondischargeable . . ."

11 U.S.C. § 523(a)(2)(C). In general, the burden of proof in a nondischargeability action rests solely with the creditor seeking to have its debt declared nondischargeable. *In re Lochrie*, 78 B.R. 257, 259 (B.A.P. 9th Cir. 1987), citing *In re Thornton*, 544 F.2d 1005 (9th Cir. 1976). In order to establish that a debt involving a purchase is nondischargeable under § 523(a)(2)(C), a creditor must demonstrate that there exists: (1) a consumer debt; (2) owed to a single creditor; (3) aggregating more than $600; (4) for luxury goods or services; (5) incurred by an individual debtor; (6) on or within 90 days before the order for relief. *In re Koch*, 83 B.R. 898 (Bankr. E.D. Pa. 1988).

The Plaintiff has not established the first element of a § 523(a)(2)(C) claim, that the Debtors' obligation is a consumer debt. A "consumer debt" is defined by the Bankruptcy Code as a "debt incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Ms. Cruz indicated by checking a box in the Contract that the Vehicle was for a personal, family, or household purpose. However, the Plaintiff has submitted the following declaratory evidence:

> "At the time the Vehicle was purchased, the Defendants had no intention of even using the Vehicle. The Vehicle was purchased for a third party."

[Supplemental Declaration ¶ 9]. Ms. Cruz's representation in the Contract and the Plaintiff's declaratory statement to the contrary are the only evidence the Court has before it on the question of whether the Vehicle was purchased for a personal, family or household purpose. The Plaintiff's evidence is inconclusive on this point and therefore, the Court cannot find that the § 523(a)(2)(C) presumption of nondischargeability applies.

In addition, the Plaintiff has provided no evidence as to whether the Vehicle is a luxury good. The Bankruptcy Code does not define the phrase "luxury goods or services," but states that it "does not include goods or services reasonably necessary for the support or maintenance of the debtor or a dependent of the debtor." 11 U.S.C. § 523(a)(2)(C)(ii)(II). When determining whether a purchase can be characterized as a "luxury," courts look to the circumstances surrounding the purchase, and the debtor's particular economic position. *Montgomery Ward & Co. v. Blackburn (In re Blackburn)*, 68 B.R. 870, 874 (Bankr.N.D.Ind.1987). The Court may consider a number of factors, including, the function of the purchase, "whether it was a 'de luxe' or basic model, whether it replaced an existing item that had outlived its usefulness or was a new acquisition, whether it was used in the ordinary activities of daily living, whether it was a gift . . . whether the store where the purchase was made could be considered 'exclusive,' and so forth." *Id.*; *see also In re Faulk (Sears Roebuck and Company v. Faulk )*, 69 B.R. 743, 757 (Bkrtcy.N.D.Ind.1986). The Plaintiff has not submitted any evidence regarding the circumstances surrounding the purchase from which the Court could determine whether the Vehicle is a luxury good.

Accordingly, the Plaintiff's Motion for Default Judgment as to the Third Claim for Relief is denied.

**4. Fourth Claim for Relief § 523(a)(6): Willful and Malicious Injury**

The Plaintiff alleges it was willfully and maliciously injured by the Defendants and therefore the obligation under the Contract should be excepted from discharge. Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The Supreme Court has confined the exception to

dischargeability under §523(a)(6) to an "intentional tort." *Kawaauhau v. Geiger*, 523 U.S. 57, 60 (1998). Generally, intentional torts require that the actor intend the consequences of an act, not simply the act itself. *See Restatement (Second) of Torts § 8A*, cmt. a, at 15 (1964). "Conduct is not tortious under § 523(a)(6) simply because injury is intended or 'substantially likely to occur,' but rather is only tortious if it constitutes a tort under state law." *Lockerby v. Sierra*, 535 F.3d 1038, 1041 (9th Cir. 2008); *see also Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1206 (9th Cir. 2001).

In order to succeed on a claim for relief under § 523(a)(6), a plaintiff must prove both a willful and a malicious injury. *Carillo v. Su (In re Su)*, 290 F.3d 1140, 1146-47 (9th Cir. 2002). A 'willful' injury is a "deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Geiger*, 523 U.S. at 61. The Supreme Court has held that injuries from recklessness are not sufficient to be considered willful injuries under § 523(a)(6) and are therefore insufficient to warrant an exception to dischargeability. *Id.* "A 'malicious' injury involves '(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse.'" *In re Su*, 290 F.3d at 1146-47, quoting *Jercich*, 238 F.3d at 1209. Reckless conduct or evil motive is insufficient to qualify as "willful and malicious" injury. *Muegler v. Bening*, 413 F.3d 980, 984 (9th Cir. 2005).

Here, the only acts the Court can identify are Ms. Cruz's submission of the Contract and Credit Application and the representations made by Ms. Cruz within the Contract and Credit Application. The Plaintiff has failed to present any evidence that Ms. Cruz's actions were done with the intent to injure the Plaintiff or that the information on the Credit Application was false. The Supplemental Declaration is devoid of facts regarding (1) whether the Plaintiff's injury by Ms. Cruz was an intentional or deliberate injury, (2) Ms. Cruz's wrongful act, (3) Ms. Cruz's intent, (4) the Plaintiff's injury, or (5) whether Ms. Cruz's actions were done without just cause or excuse. Therefore, the Plaintiff has failed to meet any of the requirements to succeed on its claim under § 523(a)(6).

Accordingly, the Plaintiff's Motion for Default Judgment as to the Fourth Claim for Relief is denied.

### B. Dismissal of Defendant Jesse Cruz with prejudice

During the evidentiary hearing on June 13, 2011, the Plaintiff acknowledged that it did not have any evidence to support any of its allegations against Defendant Jesse Cruz. The Plaintiff stated an oral motion to dismiss Defendant Mr. Cruz with prejudice. Accordingly, the Plaintiff's oral motion to dismiss Defendant Jesse Cruz with prejudice is granted.

## IV.

## CONCLUSION AND ORDER GRANTING SUMMARY JUDGMENT
## IN FAVOR OF DEFENDANT LUCY CRUZ

Based on the foregoing, the Plaintiff has not sustained its burden to establish a prima facie case against the Defendant on any of the stated causes of action. Accordingly, the Plaintiff's Motion for Default Judgment is denied. A court may grant summary judgment on its own motion when it appears that there is no genuine issue of material fact and the *non-moving* party is entitled to judgment as a matter of law, and when the losing party has had a fair and full opportunity to develop and present facts and legal arguments in support of its motion. *Portsmouth Square, Inc. v. S'holders Protective Comm.*, 770 F.2d 866, 869 (9th Cir. 1985) (affirming district court's grant of summary judgment on its own motion for defendants after plaintiff could not support its claim at the final pretrial conference). As this is the third opportunity for the Plaintiff to prove-up its case, the Court grants, *sua sponte*, Summary Judgment in favor of Defendant Lucy Cruz. A Judgment shall be entered in accordance with this Memorandum Decision.

###

DATED: June 28, 2011

_____
United States Bankruptcy Judge

11

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.

**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.

**3) Category I.** below: The United States trustee and case trustee (if any) will always be in this category.

**4) Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

**NOTICE OF ENTERED ORDER AND SERVICE LIST**

Notice is given by the court that a judgment or order entitled (*specify*) **MEMORANDUM OPINION** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of June 28, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

John Patton    jpatton@cookseylaw.com
Steven M Speier (TR)    Sspeier@asrmanagement.com, ca85@ecfcbis.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

Jesse Cruz
Lucy Marie Cruz,
106 N Plum Ave
Ontario, CA 91764

☐ Service information continued on attached page

**III.    TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page